UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21850-CIV-GOLD/McALILEY (LEAD CASE)

CELIA BEATRIZ ESPINO CASTILLO, et al.

    Plaintiffs,
v.

CESSNA AIRCRAFT COMPANY,
TELEDYNE TECHNOLOGIES COMPANY,
and TELEDYNE CONTINENTAL MOTORS, INC.,

    Defendants.
_____/

ORDER DENYING MOTION FOR SUMMARY JUDGMENT [DE 132]

**I.   Introduction**

THIS CAUSE is before the Court upon Defendant Teledyne Continental Motors Inc.'s ("Teledyne" or "Defendant") Motion for Summary Judgment Pursuant to the General Aviation and Revitalization Act **[DE 132]**. I have jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).[1] Having carefully considered the relevant submissions, the applicable law, and being otherwise duly advised, I deny Defendant's motion for the reasons that follow.

**II.   Background**

On June 30, 2006, an aircraft took off from La Aurora International Airport in Guatemala City, Guatemala headed to Poptun Airport, Peten, Guatemala. The Cessna aircraft, equipped with a Teledyne engine, had two people on board and intended to bring back to Guatemala City an additional three people ("the Obregon decedents"), at least two

---

[1] Neither party disputes that there is diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(2), **[DE 1 ¶ 2]**; **[DE 9 ¶ 2]**, and it is clear from the injuries giving rise to this controversy that the amount in controversy exceeds $75,000 exclusive of interest and costs.

of whom had been seriously injured in a traffic accident and needed medical care in Guatemala City. The aircraft took off from the Poptun Airport with a total of five people on board, and when in the air over San Luis, Peten, reported having engine troubles or failures. The aircraft ultimately crashed, and all five people aboard the plane died in the accident. Plaintiffs, on behalf of the decedents, filed five separate multi-count lawsuits on June 27, 2008 and June 30, 2008. The lawsuits were consolidated for pretrial purposes. The counts currently at issue are Plaintiffs' tort claims for negligence and strict liability against Defendant Teledyne.

## III.   Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when the pleadings and supporting materials[2] show that, drawing all inferences in favor of the nonmovant, there is no genuine issue as to any material fact and summary judgment is proper as a matter of law. Fed. R. Civ. P. 56(c). The court must determine the relevant set of facts and draw all inferences in favor of the opposing party "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007). The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. *Id.* at 380 (quoting Fed. R. Civ. P. 56(c)). A genuine dispute requires more than "some metaphysical doubt as to the material facts." *Id.* at 380 (citation and internal quotation

---

[2] The supporting materials must be properly authenticated, and "[u]nsworn documents generally cannot support a summary judgment motion." *Withrow v. Miller*, 348 Fed. Appx. 946, 947 (5th Cir. 2009) (citing *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985)); *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993) (Carnes, J.) ("In order for a document to be considered in support of, or in opposition to, a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.")

2

marks omitted).  In other words, a "mere scintilla" of evidence is insufficient; the non-moving party must produce "substantial evidence" in order to defeat a motion for summary judgment.  *Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). Furthermore, summary judgment is appropriate even if "some alleged factual dispute" between the parties remains, so long as there is "no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotes and citation omitted).

The party that is "seeking summary judgment must demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted).  Once the moving party satisfies this burden, the burden shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986).

The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Bishop v. Birmingham Police Dep't*, 361 F.3d 607, 609 (11th Cir. 2004).  In determining whether to grant summary judgment, the court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*,

477 U.S. at 255. However, where no reasonable juror could find in the non-moving party's favor, summary judgment is appropriate. *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278 (11th Cir. 1997).

## IV.   Analysis

The motion before the Court is the fourth summary judgment motion filed by Defendant. *See* **[DE 33]**; **[DE 58]**; **[DE 93]**. The first three, one of which is still pending and scheduled to be heard on May 20, 2010, argued: (1) that limitations issues in this diversity case are governed by Guatemalan law because "the local law of the state where the injury occurred generally determines the rights and liabilities of the parties, unless some other state has a more significant relationship"; and (2) that Plaintiffs' claims were barred by the applicable Guatemalan "extinctive prescription" statute. **[DE 33]**; **[DE 93]**. Defendant's latest motion, however, argues that Plaintiffs' claims are barred by the federal General Aviation Revitalization Act of 1994, Pub. L. No. 103-298, 108 Stat. 1552 (codified as amended at 49 U.S.C. § 40101 note (2000)) (hereinafter "GARA"), which established a eighteen-year statute of repose for "civil action[s] for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft" brought against certain manufacturers of such aircraft, their components, or their assemblies, with four enumerated exceptions.[3]

---

[3] "The first exception allows suit against manufacturers if the manufacturer has misrepresented or concealed important safety information from the Federal Aviation Administration. The second pertains to people injured or killed during flight for medical and other emergencies. Finally, the third and fourth exceptions involve injuries and fatalities occurring to those on the ground and suits brought pursuant to a written warranty." Scott David Smith, *The General Aviation Revitalization Act of 1994: The Initial Necessity for, Outright Success of, and Continued Need for the Act to Maintain American General Aviation Predominance Throughout the World*, 34 Okla. City. U. L. Rev. 75, 79 (Spring

4

### A. Defendant Has Failed to Demonstrate the Existence of Competent Evidence Entitling it to Judgment as a Matter of Law

As noted above, a party moving for summary judgment "must demonstrate that . . . [it] is entitled to a judgment as a matter of law . . . [and] bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citation and internal quotation marks omitted). In order to facilitate the process of ascertaining the material facts, the Southern District of Florida has promulgated local rules requiring that a party moving for summary judgment submit a statement of undisputed material facts "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." S.D. Fla. L.R. 7.5(C).

As is evident from the language of the rule, the requirement that each material fact be "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court" is *mandatory*, not optional. *Id.* ("The statement of material facts submitted either in support of or in opposition to a motion for summary judgment *shall* . . . be supported by . . . .") (emphasis added). Despite the clear mandate of S.D. Fla. L.R. 7.5(C), and despite the fact that I *expressly cautioned* the parties regarding this very same issue, *see* **[DE 128, p. 1 n.1]** (reminding parties "to carefully review S.D. Fla. L.R. 7.5(C) as they prepare their filings" and cautioning that a "[f]ailure to

---

2009) (citing GARA § 2(b)(1) - (4)).

comply will result in the entry of sanctions"), Defendant Teledyne has once again[4] filed a non-compliant statement of facts in support of its motion for summary judgment. *See, e.g.,* **[DE 133 at ¶ 6]** (citing to Teledyne engine serial data printout).

While there is case law indicating that I have the authority to strike Defendant's motion for summary judgment motion as a result of its failure to comply with this Court's local rules, *see, e.g., Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. Sept. 17, 2008) (striking summary judgment motions for failure to comply with local rules), I decline to invoke such a draconian remedy. Instead, I have conducted an independent review of the record and the relevant submissions in order to determine whether summary judgment should be granted pursuant to GARA's statute of repose. Having reviewed the relevant submissions, I conclude that Defendant has failed to demonstrate that it is entitled to judgment as a matter of law pursuant to GARA. Critically, there is insufficient *competent evidence* to establish a number of facts critical to Defendant's GARA defense. Instead, Defendant relies on a number of unsworn documents that are not based on personal knowledge in an attempt to establish the essential elements of its GARA defense.[5] Because summary judgment cannot be granted on the basis of such documents, Defendant's motion must be denied. *Withrow v. Miller*, 348 Fed. Appx. 946, 947 (5th Cir.

---

[4] *See, e.g.,* **[DE 93, p. 4 ¶ ¶ 5-7]** (citing to unauthenticated documents – not "pleadings, depositions, answers to interrogatories, admissions, and affidavits on file" – to support allegedly undisputed material facts).

[5] For example, Defendant relies heavily on the expert report of John Barton **[DE 131-1]** to establish the existence of certain material facts essential to its GARA defense. *See* **[DE 132, pp. 6-9]**. Yet, Mr. Barton's expert report does not set forth facts based upon personal knowledge in accordance with Federal Rule 56(e). Instead, the report itself concedes that it is "based upon the materials examined and investigation conducted . . . ." **[DE 131-1, p. 3]**.

2009) (noting that materials supporting summary judgment motion must be properly authenticated and that "[u]nsworn documents generally cannot support a summary judgment motion" ) (citing *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir.1985)); *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993) (Carnes, J.) ("In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence").

### B. GARA Does Not Apply to the Tort Claims Asserted by Plaintiffs Against Defendant Teledyne, Which are Governed by Foreign Law

Even if Defendant had come forward with competent evidence setting forth the undisputed material facts necessary to avail itself of GARA's statute of repose, Plaintiffs would still prevail because GARA does not apply to Plaintiffs' claims. As noted above, the basis for this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). A federal district court sitting in diversity must apply the choice of law rules of the forum state in which it sits. *Grupo Televisa, S.A. v. Telemundo Commc'ns Group*, 485 F.3d 1233, 1240 (11th Cir. 2007). In doing so, a district court must first characterize the nature of the claims and issues before it and "determine whether [they] sound[] in torts, contract, property law, etc." *Id.* at 1240. Once this characterization is complete, the district court must then determine the choice of law rules that the forum state applies to those issues and apply those rules to determine the governing substantive law. *Id.* (citing *Acme Circus Operating Co., Inc. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir. 1983)).

The forum state for the instant tort actions is Florida. Thus, I must apply the Florida

choice of law rules applicable in actions sounding in tort.  In determining and applying the law of Florida, I "must follow the decisions of the state's highest court, and in the absence of such decisions on an issue, must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise."  *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982) (citations omitted).  In *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla. 1980), the Florida Supreme Court abrogated the traditional choice of law rule known as "lex loci delicti" and adopted the modern "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws §§ 145-146 (1971).  Thus, Florida law now holds "that in tort actions involving more than one state, *all substantive issues* should be determined in accordance with the law of the state[6] having the most 'significant relationship' to the occurrence and parties." *Merkle v. Robinson*, 737 So. 2d 540, 542 (Fla. 1999) (emphasis added).

Here, Plaintiffs and Defendant agree that Guatemala has the most significant relationship to the tort claims at issue.  *See* **[DE 33, p. 6]**; **[DE 140, p. 7]**.  However, they disagree as to whether GARA applies.  Defendant argues that "the Court should apply

---

[6] I note that "state" with a minuscule "s" can refer to either a domestic or foreign state and often results in the application of foreign law to actions filed in domestic courts. *See, e.g., Dorman v. Emerson Elec. Co.*, 23 F.3d 1354 (8th Cir. 1994) (applying Canadian law where negligent saw design in Missouri caused injury in Canada); *Bing v. Halstead*, 495 F. Supp. 517 (S.D.N.Y. 1980) (applying Costa Rican law where letter written and mailed in Arizona caused mental distress in Costa Rica); *McKinnon v. F.H. Morgan & Co.*, 750 A.2d 1026 (2000) (applying Canadian law where a defective bicycle sold in Vermont caused injuries in Quebec); *Raskin v. Allison*, 57 P.3d 30, 32 (2002) (concluding that under "traditional choice of law principles largely reflected in the original Restatement," Mexican law applied to boating accident in Mexican waters because "the injuries were sustained in Mexican waters").

8

GARA on the statute of repose issue, and the Guatemalan extinctive prescription statute on the statute of limitations issue." **[DE 145, p. 6]**. Plaintiffs, on the other hand, assert that Guatemalan law controls both issues. **[DE 140, pp. 4-10]**.

As Plaintiffs correctly point out, the Florida Supreme Court "has held that in tort actions involving more than one state, *all substantive issues* should be determined in accordance with the law of the state having the most 'significant relationship' to the occurrence and the parties." *Merkle*, 737 So. 2d at 542 (emphasis added). Because this is unquestionably a tort action involving more than one state, the issue that must be resolved is whether statutes of repose are "substantive" or "procedural" under Florida choice of law principles.

This very question was squarely addressed by the Florida Supreme Court in the case of *Merkle v. Robinson*. In *Merkle*, the Court held that "statute of limitation choice of law questions" must be treated "the same as 'substantive' choice of law questions which . . . Florida decides pursuant to the 'significant relationship' test." *Id.* at 542-43. Recognizing that the particular statute at issue "[was] characterized as a statute of repose" as opposed to "a statute of limitation," the Court expressly concluded that the distinction between statutes of limitations and statutes of repose "has no bearing on the choice of law question since whether a jurisdiction applies a statute of repose . . . in a given case is simply the 'law' of that jurisdiction which is employed *after* application of the 'significant relationship' test determines which jurisdiction's law is to be applied." *Id.* at 543 n. 6 (emphasis added). Thus, in light of the Florida Supreme Court's decision in *Merkle*, it is clear that GARA's statute of repose does not apply in to bar Plaintiffs' tort claims, as

9

Guatemalan law governs "all substantive issues" in this tort action,[7] and statutes of repose are considered "substantive" for choice of law purposes pursuant to Florida law.[8]

### C. Even if GARA Did Apply to Plaintiffs' Claims, Genuine Issues of Material Fact Exist Regarding GARA's Emergency Exception

Finally, I note that even if GARA were applicable to the claims at bar – which it is not – Defendant's motion for summary judgment would still warrant denial because a genuine issue of material fact exists regarding the applicability of GARA's emergency exception to at least three of the five Plaintiffs' claims. As noted above, *see* note 3, *supra*, there are four statutory exceptions to GARA's eighteen-year repose provision. One of the

---

[7] I recognize that the choice of law rules applied here could theoretically result in the "anomalous effect of preventing litigants from bringing an action in the United States for an accident occurring in the United States while allowing litigants to bring the same action in the United States if [(1)] the accident occurred abroad"; and (2) foreign law is held to govern limitations issues. *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 533 (S.D. Tex. 1996) (holding that presumption against extraterritoriality did not preclude GARA from barring tort claims arising out of helicopter crash in Israel where claims were governed by the substantive law of Texas). However, the mere possibility of "anomalous effect[s]" cannot justify a departure from the choice of law principles to which I must adhere. I note that my decision regarding GARA's applicability is the product of applying the relevant choice of law principles to the facts before me and is not at all influenced by the presumptions against extraterritoriality that were at issue in *Alter*.

[8] Defendant very briefly argues that it should prevail because Subsection 2(d) of GARA, which provides that "[t]his section supersedes any State law to the extent that such law permits a civil action described in subsection (a)," precludes the application of Guatemalan law on the statute of repose issue. **[DE 145, p. 5]** (contending that "state law – and any other law – is expressly preempted" pursuant to GARA). I reject this argument, as it is clear from GARA's legislative history that Subsection 2(d) was intended as a "very limited Federal preemption" of "State liability laws" in order to avoid "procedural and jurisdictional confusion." *Lucia v. Teledyne Continental Motors*, 173 F. Supp. 2d 1253, 1270 (S.D. Ala. 2001) (addressing GARA Subsection 2(d) and noting that "the House Committee on the Judiciary was very careful to emphasize that it was voting the bill out of committee as 'a very limited Federal preemption of State law . . . [and that] rather than seeking to revise substantially a number of substantive and procedural matters relating to State tort law, [it] is limited to creating a statute of repose' ") (quoting H.R. Rep. No. 103-525, pt. 2, at 4, 6 (1994)); H.R. Rep. No. 103-525 at 3-4.

four exceptions provides that GARA's statute of repose does not apply "if the person for whose injury or death the claim is being made is a passenger for purposes of receiving treatment for a medical or other emergency." GARA § 2(b)(2).[9] Here, it is undisputed that three of the five decedents aboard the aircraft at issue (i.e., the Obregon decedents) had been involved in a serious automobile accident on the day of the crash, that at least two of the three Obregon decedents were seriously injured as a result of the auto accident, and that the pilot of the aircraft at issue picked up the Obregon decedents in Poptun and brought them to Guatemala City because of a lack of "good hospitals." **[DE 139 at ¶ ¶ 2, 3, 7]**; **[DE 149, ¶ ¶ 2, 3, 7]**. Plaintiffs argue that, given these facts, "the Court should find as a matter of law that [GARA's emergency] exception applies." **[DE 140]**. Defendant argues the opposite – i.e., that the undisputed facts entitle Defendant to judgment as a matter of law because "[t]he only passengers who are entitled to [avail themselves of GARA's emergency] exception are those *receiving treatment for a medical emergency while on board the aircraft.*" **[DE 145, p. 7]** (emphasis added). Both parties are incorrect with respect to this issue.

It is "well-established law" that a person's intent or purpose in undertaking a certain course of action is ordinarily a question of fact for the jury. *See Robinson v. Tyson Foods*, 595 F.3d 1269, 1278 (11th Cir. 2010) (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991)). This case is no exception. Here, the "purpose[]" of the persons who "made" the three Obregon decedents passengers aboard the aircraft is critical to determining whether GARA's emergency exception applies, as the exception

---

[9] *See* note 10, *infra* (discussing how the language of GARA's "emergency exception" can and should be interpreted).

11

applies *only* "if the person for whose injury or death the claim is being made is a passenger *for purposes of receiving treatment* for a medical or other emergency." GARA § 2(b)(2) (emphasis added). Having reviewed the evidence presented, I conclude that Defendant has failed to demonstrate that, drawing all inferences in favor of the Plaintiffs, there is no genuine issue of material fact as to why the Obregon decedents were "made passenger[s]" on the flight at issue. In other words, because a reasonable juror could find that the three Obregon decedents were "made [] passenger[s] for purposes of receiving treatment for a medical or other emergency,"[10] granting summary judgment as to all claims against Teledyne would be inappropriate even if GARA did apply.[11] GARA § 2(b)(2); *see also*

---

[10] I unequivocally reject Defendant's argument that "[t]he only passengers who are entitled to [avail themselves of the GARA emergency] exception are those receiving treatment for a medical emergency *while on board the aircraft*." **[DE 145]** (emphasis added). I note that Defendant does not cite a *single case* in support of this bold proposition. Instead, Defendant cites to a journal article that makes no such assertion. In fact, the cited article quite clearly supports Plaintiffs' argument that the emergency exception *would apply* to the Obregon decedents' claims if GARA governed these actions. *See* Robert F. Hedrick*, A Close and Critical Analysis of the New General Aviation Revitalization Act,* 62 J. Air L. & Com. 385, 412-413 (1996) ("Although the phrase 'or other emergency' is not defined, there is a similar policy to include it in the exception. As written, the phrase can be read two ways: (1) 'if the person for whose injury or death the claim is being made is a passenger for purposes of . . . other emergency,' or (2) 'if the person for whose injury or death the claim is being made is a passenger for purposes of receiving treatment for [an] . . . emergency.' **The first interpretation is the better one** because it is more consistent with the underlying policy of the exception since in an emergency, the passenger may not be in a position to make a clear decision whether or not to ride in an aircraft. **For instance, an emergency may include situations where medical treatment was not provided, such as air evacuation from areas threatened by flood, fire, and sea rescue**.") (emphasis added).

[11] Were GARA's statute of repose applicable, then summary judgment might have been appropriate on this issue vis-a-vis the non-Obregon Plaintiffs (i.e., the pilot and the co-pilot). However, I need not reach this issue in light of my conclusion that Guatemalan law governs all substantive issues, including the applicable statutes of limitations and repose.

*Robinson v. Hartzell Propeller, Inc.*, 326 F. Supp. 2d 631, 654 (E.D. Pa. 2004) (denying Defendant's GARA-based motion for summary judgment because there existed questions of fact regarding intent that were critical to determining whether the GARA exception at issue applied and noting that "[i]ssues of intent are particularly inappropriate for summary judgment and should be decided by the jury")  (citation and internal quotation marks omitted).

**V.     Conclusion**

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment **[DE 132]** is DENIED.

2. Defendant's Motion to Strike the Declarations of Jorge Guillermo Obregon and Francisco Fernando Obregon Reyna **[DE 148]** is DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami, Miami Dade County, Florida, this 26th day of April, 2010.

_____
HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record
Magistrate Judge Chris M. McAliley