UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21850-CIV-GOLD/McALILEY (LEAD CASE)

CELIA BEATRIZ ESPINO CASTILLO, et al.,

    Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY,
TELEDYNE TECHNOLOGIES COMPANY,
and TELEDYNE CONTINENTAL MOTORS, INC.,

    Defendants.
_____/

**ORDER DENYING MOTION TO STAY [ECF NO. 230]; DIRECTING
CLERK TO SERVE AND FILE ORDER WITH CLERK OF ELEVENTH CIRCUIT**

**I.**    **Introduction**

THIS CAUSE is before the Court upon Defendant's Motion to Stay **[ECF No. 230]**. I have considered the motion, the record, and the applicable law. For reasons set forth below, I conclude that Defendant has failed to show that it is likely to prevail on the merits in the appellate proceedings and therefore deny the motion.

**II.**    **Background**

The subject of Defendant's Motion to Stay is an order I issued on April 26, 2010 denying Defendant's Motion for Summary Judgment. **[ECF No. 159]** (the "Summary Judgment Order"). In that Order, I held that Defendant failed to carry its burden of providing the Court with sufficient evidence regarding its GARA[1] defense to satisfy the standard for summary judgment. *Id.* at 5-7. I further noted, in *dicta*, that "[e]ven if

---

[1] GARA stands for the "General Aviation and Aviation and Revitalization Act," Pub.L. No. 103-298, 108 Stat. 1552 (codified as amended at 49 U.S.C. § 40101 note (2000)).

Defendant had come forward with competent evidence" in support of its GARA defense, summary judgment would not have been appropriate because: (1) GARA would not apply to Plaintiffs' claims given that – as Defendant previously argued – Guatemalan law controls limitations and repose issues in this action, *see id.* at 7-10; *see also* **[ECF No. 33, p.7]** (moving for summary judgment and arguing that Guatemalan law controls limitations issues pursuant to Florida's most significant relationship test); and (2) even if GARA did apply, fact issues remained as to whether GARA's emergency exception applied "to *at least* three of the five Plaintiffs." **[ECF No. 159, p.10]** (emphasis added).

Since the issuance of the Summary Judgment Order, Defendant has sought appellate relief from the United States Court of Appeals for the Eleventh Circuit by way of a collateral order appeal and a petition for writ of mandamus. Defendant now requests that I stay these proceedings "until such time as the Eleventh Circuit disposes of the Appeal and Writ Petition proceedings." **[ECF No. 230, p.1]**.

**III.   Analysis**

As Defendant correctly points out, a party must demonstrate the following four factors in order to obtain a stay pending appeal: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

Here, Defendant argues that it is likely to succeed on the merits in the appellate proceedings for a number of reasons. Curiously, however, not one of Defendant's

2

arguments addresses the holding of the Summary Judgment Order; instead, Defendant focuses only on *dicta*.  This, in and of itself, is sufficient reason to deny Defendant's motion to stay, as Defendant has failed to demonstrate that it is likely to succeed in overturning the holding of my Summary Judgment Order on appeal.  Regardless, for the sake of completeness, I will explain why the holding of my Summary Judgment Order was not in error and why this case must proceed to trial.

As noted above, I denied Defendant's Motion for Summary Judgment because the competent record evidence presented was insufficient to warrant a grant of summary judgment.  Simply put, it was clear that too many questions of fact remained outstanding for me to determine, as a matter of law, that Plaintiffs' claims were barred by GARA.  In fact, even with the benefit of six additional months to prepare, Defendant is *still* unable to provide the Court with a clear picture of the undisputed facts underlying its GARA defense.  Just today, for example, Defendant informed this Court, for the very first time, that: (1) there were actually *two* separate engines used by the subject aircraft since 1977 (as opposed to a single engine that was subsequently converted); and (2) that the engine that allegedly failed underwent a series of significant modifications, additions, and maintenance procedures since it was installed in the subject aircraft.[2]  Summary judgment cannot be granted in the face of such uncertainty.  As such, I remain convinced that the holding of my

---

[2] These matters could affect whether the GARA eighteen-year repose period "beg[a]n anew."  *Carson v. Heli-Tech*, 2003 WL 22469919, at *4 (M.D. Fla. Sept. 25, 2003) (noting that "GARA also provides a rolling feature, which causes the repose period to begin anew with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury or damage") (cites and quotes omitted).

summary judgment order – i.e., that Defendant did not carry "its initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact" – was not in error. *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted).

I also note that Defendant appears to have erroneously assumed that I completely foreclosed the application of GARA to Plaintiffs' claims. I have not. To the contrary, as I made clear to the parties during the two pre-trial conferences, I welcome additional argument and briefing on the GARA issues, and I intend on submitting the factual questions relative to Defendant's GARA defense to the jury (e.g., the jury will need to determine whether the five passengers aboard the aircraft at issue were "being made passenger[s] for purposes of receiving treatment for a medical or other emergency." GARA § 2(b)(2)).

Furthermore, I invite the parties to more thoroughly brief the difficult question of GARA's preemptive scope, which was relegated to a mere footnote in Defendant's summary judgment reply brief.[3] **[ECF No. 145, p.5 n.3]**. Specifically, the parties should address whether Congress intended to preempt nonstatutory choice-of-law principles by enacting Section 2(d) of GARA. *See Cruz v. Chesapeake Shipping, Inc.,* 932 F.2d 218, 235-36 (3d Cir. 1991) (Alito, J., dissenting) (noting that Congress must "dictate[] a choice of law by statute" or "intend[] to specify a choice-of-law rule" in order to "preclud[e] the application of nonstatutory choice-of-law principles"). Although Defendant briefly discusses the preemption issue in its Motion to Stay, *see* **[ECF No. 230]** (stating that "plain language

---

[3] Defendant appears to now recognize the importance of this issue, dedicating an entire section to it in its Motion to Stay. **[ECF No. 230, p.5]**.

of GARA preempts any state choice of law rules"), its analysis is conclusory and insufficient, especially given that Congress was well-aware of the thorny choice-of-law issues at play here, yet neglected to expressly address them when enacting GARA. *Compare* GARA § 2(d) *with* ATSSA[4] § 408(b)(2) (stating that "[t]he substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.").

### IV.   Conclusion

Based on the foregoing, I conclude that Defendant has failed to demonstrate that it is likely to succeed on the merits in the appellate proceedings. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1.  Defendant's Motion to Stay **[ECF No. 230]** is DENIED.

2.  This Order shall constitute the Undersigned's response for purposes of Fed.R.App.P. 21(b) and the Clerk is hereby DIRECTED to promptly file this Order with the United States Court of Appeals for the Eleventh Circuit.

DONE AND ORDERED in Chambers in Miami, Miami Dade County, Florida, this 26TH day of August, 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record
Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

[4] ATSSA stands for the "Air Transportation Safety and System Stabilization Act," Pub.L. 107-42, 115 Stat. 230 (codified as amended at 49 U.S.C. § 40101 note (2001)).