UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21850-CV-GOLD/MCALILEY

CELIA BEATRIZ ESPINO CASTILLO, as
Personal Representative of the Estate of
JORGE GUILLERMO OBREGON REYNA,
deceased,

        Plaintiff,

v.

TELEDYNE CONTINENTAL MOTORS,
INC., et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION
FOR AWARD OF BILL OF COSTS**

Pending before the Court is Defendant Teledyne Continental Motors, Inc.'s ("Defendant") Bill of Costs [DE 271], which is fully briefed [DE 272, 277], and was referred to me by the Honorable Alan S. Gold. [DE 274]. For the reasons set forth below, I recommend that the motion be granted in part.

**I.   Background**

On June 27, 2008, Plaintiff, the personal representative for the estate of her deceased husband, brought a tort action against Defendants for negligence in connection with an airplane crash on June 30, 2006, in Guatemala, in which her husband died. [DE 1]. Upon agreement of the parties, the Court ordered dismissal of Defendants Teledyne Technologies Company [DE 27], and Cessna Aircraft Company [DE 130]. The case went to a jury trial on

the issue of negligence under Guatemalan law against only one Defendant, Teledyne Continental Motors, Inc., and the jury issued a verdict in favor of Defendant. [DE 267]. Following entry of judgment in its favor [DE 269], Defendant filed a timely Bill of Costs on Form AO 133 [DE 271], seeking to recover $145,944.17 in costs pursuant to Federal Rule of Civil Procedure 54(d).[1]

## II.     Analysis

Generally, Rule 54(d) authorizes an award of costs to the prevailing party as a matter of course, while 28 U.S.C. § 1920 enumerates the types of costs that may be recovered. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-2 (1987); *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

There is no dispute that Defendant is the prevailing party, entitled to recover costs under Rule 54(d). Plaintiff, however, challenges most of the costs Defendant asks to recover, and contends that Defendant should recover only $31,695.20. Accordingly, the Court must address whether 28 U.S.C. § 1920 authorizes Defendant to recover the various costs it claims.

### A.     Fees of the Clerk

Defendant seeks $530.00 for fees of the clerk under 28 U.S.C. § 1920 (1): (1) $75.00 paid to the Clerk for the *pro hac vice* admission of Will Skinner, Esq., and (2) a $455.00 filing fee paid to the Eleventh Circuit Court of Appeals for an interlocutory appeal of an

---

[1] In its Bill of Costs, Defendant claims the right to recover $150,255.37. [DE 271-1, p. 3]. However, in its Reply, Defendant revised that number to $145,944.17. [DE 277, p. 10].

order on summary judgment. [*See* DE 171]. Regarding that appeal, Defendant dismissed it after Defendant won at trial. [DE 279].

Plaintiff concedes that Defendant should be awarded $75.00 for the cost of Mr. Skinner's admission, but contends Defendant can not recover the appellate filing fee because Defendant did not prevail on appeal. [DE 272, pp. 4-5]. Defendant responds that it can recover the appellate filing fee because it prevailed in the overall action. In making this argument, Defendant relies on *Richey v. Tyson*, No. Civ. A. 99-0824-RV-S, 2001 WL 530700, *6 (S.D. Ala. April 30, 2001), which stands for the general proposition that a prevailing party may recover fees, even if it did not prevail on every legal theory in support of its claim. [DE 277, p. 2].[2]

I find that Defendant's filing fee for its interlocutory appeal is not recoverable under §1920(1). To begin, the fee in question was paid to another court, the Eleventh Circuit Court of Appeals, and Defendant has provided this Court no authority that §1920(1) authorizes recovery of fees paid to another Court. Thus, Defendant has not met its burden of showing that this category of fees is even encompassed by §1920(1), and for this reason alone, I conclude that Defendant should not recover this fee. Second, even if the statute permitted recovery of the appellate filing fee, I conclude on this record that Defendant's request should be denied, because that appeal was dismissed and was in no way successful. *See Klebe v.*

---

[2] *Richey* cites a Fourth Circuit case, *Perry v. Bartlett*, 231 F.3d 155, 162-63 (4th Cir. 2000), which found that the District Court did not abuse its discretion in awarding attorneys' fees for work on an interlocutory appeal. That decision however, is inapplicable here, because it concerns attorneys' fees, not costs.

3

*University of Texas Health Science Ctr. at San Antonio*, A-08-CA-091 AWA, 2010 WL 1544394, * 9 (W.D. Tex. Apr. 13, 2010) (filing fees for an unsuccessful interlocutory appeal found not reimbursable.)

Therefore, I recommend that Defendant recover the **$75.00** fee it paid to the Clerk for the *pro hac vice* admission of Mr. Skinner.

### B. Court reporter services

Defendant asks to recover $20,327.78 for court reporter services.[3] Taxation of these costs is authorized under § 1920(2), when the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O Inc.,* 213 F.3d 600, 620-1 (11th Cir. 2000) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)). While she concedes that Defendant can recover some court reporter costs, Plaintiff objects to Defendant's recovery of the costs of shipping and handling, videotaped depositions, and expedited transcript charges. [DE 272, pp. 7-10].

### i. Shipping, handling and parking

Shipping and handling costs derived from the stenographer are not taxable. *See Robinson v. Alutiiq-Mele, LLC*, 643 F.Supp.2d 1342, 1354 (S.D. Fla. 2009). Similarly,

---

[3] Defendant originally requested $21,116.78 for court reporter services. [DE 277-1, p. 2]. In its Reply, Defendant acknowledged that it can not recover the cost of emailed transcripts, ASCII, and extra CD's, and thus conceded $574.00 of the claimed court reporter costs. [*See* DE 277, p. 4-5]. I have reviewed these invoices [DE 271-2, pp. 7-11, 13-20, 23], and find that Defendant should have conceded a total of $789.00 for these non-recoverable charges (Defendant failed to exclude the cost of multiple copies and made mathematical miscalculations). Subtracting the proper amount from Defendant's original request, Defendant's revised claim for court reporter services is $20,327.78 ($21,116.78 less $789.00).

parking fees are not recoverable. *See Duckworth v. Whisenant,* 97 F. 3d 1393, 1399 (11th Cir. 1996). Therefore, I recommend that Defendant's request for $425.27 in shipping, handling and parking costs from stenographer and transcript fees be denied.[4] [DE 271-2, 14-16, 18-22, 24].

### ii. Videotaped depositions

Defendant videotaped two depositions and seeks the combined cost of $3,060.00 for the video recording. [DE 271-2, pp. 21, 23-4; 277, p. 4].[5] The Eleventh Circuit has held that the cost of videotaping depositions can be recovered:

> when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.

*Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). However, the threshold for any such recovery is, again, a showing that it was necessary for Defendant to obtain videotapes, as opposed to only stenographic transcripts, of the deposition for use in the case. *Id.* at 465. Plaintiff argues that Defendant has not shown that the videotapes were necessarily obtained for use in this case and, in fact, Defendant has provided no explanation

---

[4] Included in this figure are the costs of shipping, handling, and "multi-pages." Defendant did not explain why "multi-pages" were necessary for use in the case, and thus those charges must be denied.

[5] This amount accounts only for the cost of videotaping the depositions and does not include the stenographic transcription costs associated with these two depositions.

why it chose to videotape these two depositions or why the videotaping was necessary for use in the defense of this action. [DE 271-1, pp. 2-9, DE 277, pp. 2-5].

Defendant having failed to make the necessary showing, I recommend that its request for this cost be denied.

### iii. Expedited transcripts

Defendant asks to recover $16,785.03 for stenographic transcripts: (1) $15,457.11 for transcripts at the standard rate, and (2) $1,327.92 for the cost of expediting transcripts of the pretrial conference on August 25, 2010, an evidentiary hearing on August 26, 2010, and each day of trial.[6] [DE 271-2, pp. 6-31; 277, pp. 3-5]. Plaintiff concedes that Defendant should collect $13,820.78 for the ordinary cost of transcripts for depositions, hearings and court proceedings (but argues the Court should make a 10% deduction to account for the cost of the extra copy provided along with the original rate), but objects to Defendant recovering the cost of expediting those transcripts. [DE 272, pp. 6-10].

The Eleventh Circuit has stated that the cost of a daily (or expedited) transcript should not be awarded "as a matter of course," however it may be awarded, in the court's discretion, when the court finds the daily transcript was necessary. *Maris*, 302 F.3d at 1225-26.

The Court finds that the justification Defendant offered for purchasing an expedited trial transcript, if accepted by the Court, would amount to authorizing recovery of this

---

[6]Defendant concedes that hearings in front of Judge Gold, from February 12, 2010 and May 20, 2010, should be taxed at the normal rate instead of the expedited rate. [DE 277, p. 3]. Accordingly, Defendant only seeks $40.20 for the February 12, 2010 hearing and $345.72 for the May 20, 2010 hearing, instead of the expedited rates. [DE 277, p. 3].

expense "as a matter of course."[7] Defendant offered no justification for ordering an expedited transcript of the pretrial conference on August 25, 2010. [*See* DE 277, p. 3]. Having not demonstrated the necessity of these rush transcripts, Defendant is not entitled to recover this cost, of $926.64. In contrast, I am persuaded that Defendant needed an expedited transcript of the August 26th, 2010, evidentiary hearing concerning Plaintiff's experts, as this took place only four days before the start of trial on August 30, 2010, and these transcripts were needed at trial. Defendant may recover this cost of $401.28. Finally, the inclusion of an extra transcript copy at the ordinary transcript rate is a normal practice and, contrary to Plaintiff's suggestion, no deduction is warranted.

I recommend that Defendant recover a total of $15,858.39 for the cost of transcripts.[8]

**C.   Witness fees**

Defendant seeks $105,341.21 in reimbursement for fees paid to witnesses Keith Rosenn, Pedro Mendoza Montano, John Barton, J.W. Morris, and Michael Gordon under §1920 (3). [DE 271-1, p. 2, DE 277, pp. 5-7]. Plaintiff contests the amount Defendant is allowed to recover for each witness. [DE 272, pp. 10-14].[9]

---

[7] Defendant wrote, in essence, merely that these transcripts were needed to try the case. [*See* DE 277, p. 3].

[8] The cost of transcripts at the standard rate, plus the expedited rate for the August 26, 2010 evidentiary hearing, is $15,457.11 + $401.28=$15,858.39.

[9] Defendant initially sought $109,443.56 in witness fees [DE 271-1, p. 2, DE 277, pp. 5-7], but later conceded that certain costs associated with expert witnesses were not recoverable, and reduced its request to $105,341.21. [DE 277, pp. 5-7].

Section 1920(3) allows recovery of witness fees as set forth in 28 U.S.C. § 1821(b), which provides that witness fees may only be taxed in accordance with per diem and subsistence rates established by the General Services Administration (GSA), and that fees should only be awarded for witnesses who actually *attend* trial or a deposition. *See Ferguson v. Bombadier Services Corp.*, Case No. 8:03-cv-539-T-30MSS, 2007 WL 601921, * 5 (M.D. Fla. Feb. 21, 2007). This Court explained:

> Courts may tax witness fees under 1920(3). However, such fees are limited to an attendance fee of forty dollars ($40.000) per day for each day of attendance, common carrier expenses at the most economical rate reasonably available, and a subsistence allowance not to exceed the per diem allowance for federal employees when a witness is required to stay overnight.

*Sensormatic Electronics Corp. v. Tag Co. US*, No. 06-81105-CIV, 2009 WL 3208649, * 7 (S.D. Fla. Oct. 2, 2009).[10] Additionally, expert and non-expert witness costs are treated the same; in other words, Defendant can only recover the per diem and subsistence rates for expert witnesses. *See Id*.

Applying these guidelines, the Court recommends that Defendant be awarded: (1) $40.00 for one day of deposition by Keith Rosenn; (2) $428.00 for Pedro Mendoza Montano (one day of deposition at $40.00 and two overnight stays at the GSA rate of $194.00 per night in December 2009); (3) $806.00 for John Barton (one day of deposition at $40.00, one

---

[10] Plaintiff improperly reported the GSA rate for December 2009 as $180.00 per night when in fact it was $194.00. [DE 272, p. 13]. This rate includes lodging, meals, and incidentals. [DE 272-1, p. 3].

day of trial at $40.00, two overnight stays in March 2009, at the GSA rate of $180.00[11], and two overnight stays in August 2010, at the GSA rate of $183.00[12] per night); (4) and no recovery of witness fees related to J.W. Morris, because he was neither deposed nor testified at trial.

Defendant also seeks common carrier expenses in the amount of $772.00 for Pedro Mendoza Montano, [DE 271-2, pp. 45-6], and $4,152.98 for John Barton. [DE 271-2, pp. 59-60]. Defendant has not shown that these carrier expenses were the most economical rate reasonably available. *See Sensormatic*, 2009 WL 3208649 at * 7. Therefore, I recommend that Defendant not recover the common carrier costs it incurred on behalf of Montano and Barton.

Finally, Defendant asks to recover witness fees for Professor Michael Gordon, who it retained as an expert in Guatemalan law. Defendant asserts that it retained Gordon in "direct response to the Court's instruction" that an expert in Guatemalan law was necessary to help the court interpret foreign law and, thus, it should be able to recover his witness costs, even though Gordon was neither deposed nor testified at trial. [DE 277, p. 6]. Under § 1920(6), a party may recover costs for "court appointed experts"; generally, these experts are appointed by the court pursuant to Federal Rule of Evidence 706. *Sams v. State Attorneys*

---

[11] DE 272-1, p. 2.

[12] DE 272-1, p. 3.

*Gen. (In re Cardizem CD Antitrust Litig.)*, 481 F.3d 355, 362-4 (6th Cir. 2007).[13]

Here, while Defendant does not contend that Gordon was appointed pursuant to Rule 706, it relies on Judge Gold's statement at the pretrial conference on July 23, 2010, to support its claim that Gordon was retained pursuant to the Court's direction:

> there's going to have to be some expert help to this Court on this foreign law on these issues, and so far I haven't found your experts to be all that convincing on what I heard before. So I think they better do a better job in...trying to advise the Court on what actually is the law of the country on these issues.

[DE 277-2, p. 15].  This statement by the Court, which essentially advises Defendant that its evidence on this subject was inadequate, does not constitute a reimbursable appointment of an expert by the Court, as contemplated by § 1920(6).  Gordon was chosen by Defendant to support its case, not appointed by the Court to assist it with a complex scientific or technical issue.  Defendant, therefore, cannot recover witness fees for Michael Gordon.

In sum, I recommend that Defendant recover **$1,274.00** for witness fees.

**D.     Copying and exemplification costs**

Defendant seeks to recover $990.16 in copying and exemplification costs under 28 U.S.C. § 1920(4).  [DE 271-1, p. 2; 277, pp. 7-8].  Plaintiff argues that it should not be required to reimburse any of these costs because "there is no indication that these copies were

---

[13] Rule 706 "provides the court with discretionary power to appoint an expert witness either on the court's own motion or the motion of a party." *Steele v. Shah*, No. 93-3396, 1996 U.S. App. LEXIS 23301, * 16 (11th Cir. 1996). "Such an appointment is especially appropriate where the evidence or testimony at issue is scientifically or technically complex." *Quiet Technology DC-8, Inc., v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1348 (11th Cir. 2003).

necessary for use in the case. . . ." [DE 272, p. 14]. In its reply, Defendant provides a detailed description of these copies, and their purpose. [DE 277, p. 8].

Copies necessary for use in the case, as opposed to copies made for the convenience of counsel, are taxable. *See W&O* 213 F.3d at 623. Defendant's detailed description indicates that the copies included color photographs of airplane wreckage, photocopies of documents obtained from experts, and retrieval of archival material from microfilm. [DE 271-2, pp. 69-79]. Further, the rates Defendant paid for copying services appear reasonable.[14] After carefully considering Defendant's descriptions, the Court is persuaded that the copies were necessary for use in the case and the cost of these copies is recoverable.

Thus, I recommend that Defendant recovers **$910.87** for copying and exemplification costs.[15]

### E.   Interpretation and translation costs

Defendant asks to recover $6,427.50 for interpreter costs [DE 271-2, pp. 81-7, 89-91], and $10,884.93 for translation costs [DE 271-2, pp. 80, 88, 92-5], both pursuant to 28 U.S.C. §1920(6). Plaintiff objects to some of the costs sought, arguing the Bill of Costs lacked

---

[14] Defendant paid $.10 per page for black and white copies, $.35 per page for color copies, and $50.00 for the retrieval and digitization of archival material from each microfilm. [DE 271-2, pp. 69-71].

[15] Defendant requests a total of $990.16 for copies and exemplification. However, in its Reply, it concedes that one invoice, in the amount of $79.29 [*see* DE 271-2, p. 70], was paid by Plaintiff [*see* DE 277, p. 8]. In calculating its total copying cost, Defendant improperly included the $79.29 charge in reaching a total of $990.16. Plaintiff should not be required to pay a second time for these copies. As a result, the Court recommends an award of $910.87 ($990.16-$79.29 = $910.87).

11

sufficient information regarding the need for certain interpretation and translation services. [DE 272, pp. 15-7]. Plaintiff asserts that Defendant is at most entitled to $5,577.50 for interpretation costs and $10,615.93 for translation costs. [DE 272, pp. 16-7]. In its Reply, Defendant explains the need for the interpretation and translation services challenged by Plaintiff. [DE 277-2, pp. 9-10].[16]

After careful review of Plaintiff's challenge and Defendant's summary, and considering that the underlying events occurred in Guatemala and the Court applied Guatemalan law, I find that Defendant's interpretation and translation costs were reasonable and necessary for its defense, and therefore recommend that Defendant recover its costs of interpretation and translation.

I recommend that Defendant recover **$6,427.50** for interpretation costs and **$10,884.93** for translation costs.

### III. Recommendations

I recommend that the Motion for Award of Bill of Costs be **GRANTED IN PART** in the total amount of **$35,430.69**.[17]

---

[16] While § 1920(6) does not directly address whether the costs for the translation of documents are taxable, there is authority for the recovery of these costs, and Plaintiff does not challenge recovery of the cost of necessary translations. *See Osorio v. Dole Food Co.,* Case No. 07-22693-CIV-HUCK/O'SULLIVAN, 2010 WL 3212065, * 10-11, (S.D. Fla. July 7, 2010) (granting prevailing party award of costs for the translation of Spanish documents and laws that were essential for its defense.)

[17] This amount is the sum of the recommended amounts from each section of this Report and Recommendation.

**IV.     Objections**

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold no later than **within 14 days of the date of this Report and Recommendation**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir.1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 16th day of March, 2011.

/s/ Chris McAliley<br>
CHRIS McALILEY<br>
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record